UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------------------------
In re:

ANDREW C. LEHNING and                           Case No. 05-16245
TINA M. LEHNING,

                           Debtors.
---------------------------------------------------------
In re:

LISA G. GRAY,                                   Case No. 05-19491

                           Debtor.
---------------------------------------------------------
APPEARANCES:

Richard Croak, Esq.
*Attorney for the Debtors*
314 Great Oaks Boulevard
Albany, New York 12203

Whiteman Osterman & Hanna LLP        William A. Nolan, Esq.
*Attorneys for Educational Credit*
 *Management Corporation*
One Commerce Plaza
Albany, New York 12260

Hon. Robert E. Littlefield, Jr., U.S. Bankruptcy Judge

## MEMORANDUM-DECISION AND ORDER

Andrew C. Lehning ("Lehning") and Lisa G. Gray ("Gray") (or collectively "Debtors") each filed an objection to the claim of Educational Credit Management Corporation ("ECMC" or "Creditor") submitted in their respective cases. Given the similarities of the legal issues raised in the motions, they were consolidated for purposes of this decision. The court has jurisdiction over these core proceedings pursuant to 28 U.S.C. §§ 157(a), (b)(1), (b)(2)(B) and 1334.

## BACKGROUND

1

Lehning filed a chapter 13 petition on September 6, 2005, and Gray filed a chapter 13 petition on October 14, 2005. New York State Higher Education Services Corporation ("NYSHESC") is listed on schedule F of Lehning's petition as a creditor holding an unsecured claim in connection with a student loan. ECMC[1] filed a timely unsecured proof of claim in the Lehning case on December 2, 2005 in the amount of $59,955.74. (Case No. 05-16245, Claim No. 5 ). ECMC is a nonprofit corporation created under the direction of the U.S. Department of Education to provide specialized guarantor services to the U.S. Department of Education pursuant to the Federal Family Deduction Loan Program, including accepting transfer of title to certain student loan accounts on which the student loan borrower has filed bankruptcy. ECMC's claim consists of $47,966.68 in principal and interest and $11,989.06 in collection costs and unpaid fees. Gray listed the U.S. Department of Education on schedule F of her petition as a creditor holding an unsecured claim in connection with a student loan. ECMC[2] filed a timely unsecured proof of claim in the Gray case on January 23, 2006 in the amount of $55,706.97. (Case No. 05-19491, Claim No. 5 ). The claim consists of $44,566.46 in principal and interest and $11,140.51 in collection costs and unpaid fees. The collection costs in both cases are approximately 25% of the principal and interest owed.

Lehning filed an objection to ECMC's claim on December 30, 2005, and Gray filed her objection to ECMC's claim on January 31, 2006. Initially, the Debtors' respective objections were of a very broad brush calling into question the principal amount of the loans as well as the

---

[1] Documentation filed with ECMC's proof of claim indicates that Lehning's student loan was assigned to ECMC.

[2] Documentation filed with ECMC's proof of claim indicates that Gray's student loan was assigned to ECMC.

associated collection costs, which each Debtor characterizes as "unreasonable, unsubstantiated, and/or improperly included." (Debtors' respective Objection to Claims ¶ 4 (Case No. 05-16245, Doc. 14; Case No. 05-19491, Doc. 15).) Ultimately, however, each objection focuses on the collection costs ECMC includes in its proofs of claim.

The parties agree that non-bankruptcy law governs the assessment of ECMC's collection costs. Specifically, 20 U.S.C. § 1091a provides that a borrower who has defaulted on a loan referenced under that subchapter shall be required to pay "reasonable collection costs." 20 U.S.C. § 1091a. A borrower is in "default" if the borrower failed to keep up with monthly payments for 270 days. *See* 20 U.S.C. § 1085(*l*)(1). The methodology to compute these costs is set forth in 34 C.F.R. § § 682.410(b)(2)[3] and 30.60(c),[4] which permit the use of a flat "make whole" rate, in place of the actual collection costs in the particular case at hand.

## ARGUMENTS

In supplemental affirmations, the Debtors winnow their respective objection to two

---

[3] 34 C.F.R. § 682.410(b)(2) provides, in pertinent part, as follows:
(2) Collection charges. Whether or not provided for in the borrower's promissory note and subject to any limitation on the amount of those costs in that note, the guaranty agency shall charge a borrower an amount equal to reasonable costs incurred by the agency in collecting a loan on which the agency has paid a default or bankruptcy claim. These costs may include, but are not limited to, all attorney's fees, collection agency charges, and court costs. Except as provided in § 682.401(b)(27) and § 682.405(b)(1)(iv), the amount charged a borrower must equal the lesser of -
    (i) The amount the same borrower would be charged for the cost of collection under the formula in 34 C.F.R. 30.60; or
    (ii) The amount the same borrower would be charged for the cost of collection if the loan was held by the U.S. Department of Education.

[4] 34 C.F.R. 30.60 sets forth a mathematical formula to compute the collection costs associated with the collection of a debt that the Department of Education may impose on a delinquent debtor.

issues: 1) was there a default such that collection costs are appropriate and, if so, 2) what is the correct amount of those costs? Lehning argues that ECMC cannot substantiate that any default exists or, if it does, that the Creditor cannot prove that a 60 day notice of default was ever sent to him. Lehning states that the Creditor's exhibit attached to its Memorandum in Opposition to Objection to Claim contains several fields including "default repay due date," "judgment date," "notice of default date," and "collection letter date," all of which are blank. (Mem. in Opp'n to Objection to Claim Ex. A (Case No. 05-16245, Doc.16).) Lehning asserts that the lack of dates in the various fields establishes that no notice of default was given to him and, thus, he could not have been in default at the time his petition was filed. Lehning concludes that because ECMC has not established that his loan was in default, ECMC cannot assess collection costs against him. Gray's arguments parallel those of Lehning.

In both cases, ECMC responds to the motions with affidavits from Julie K. Swedback, Esq., an attorney for the Creditor, and William McGrath, an employee of NYSHESC. Ms. Swedback indicates that Lehning defaulted on his student loan obligation on or about December 13, 2003, and Gray defaulted on her student loan on or about March 11, 1990. Ms. Swedback computed the amount Lehning or Gray would be charged for the cost of collection under the formula contained in 34 C.F.R. 30.60 to be 31.84%, and the amount they would be charged for the cost of collection if their loans were held by the U.S. Department of Education to be 25%. Mr. McGrath attests that notices of default were automatically generated and mailed to Ms. Gray on or about March 12, 1990, and to Mr. Lehning on or about December 13, 2003, approximately the time NYSHESC purchased the respective notes from their original lenders. He further states that this is standard operating procedure for NYSHESC and because the default letters are

4

automatically generated, his agency does not maintain hard copies in its files.

## DISCUSSION

The Debtors argue that ECMC cannot substantiate that their loans were in default, or if they were, that the Creditor cannot prove that a 60 day notice of default was ever sent to them. The Debtors cite no authority for the proposition that ECMC was required to give them a 60 day notice of default. A guaranty agency is required to take certain steps before it reports a borrower's default to a credit bureau or assesses collection costs against a borrower, including sending the borrower a written notice about the proposed actions (34 C.F.R. § 682.410(b)(5)(ii)(A)), an opportunity to inspect and copy agency records relating to the loan obligation (34 C.F.R. § 682.410(b)(5)(ii)(B)), an opportunity for an administrative review of the enforceability or status of the loan obligation (34 C.F.R. § 682.410(b)(5)(ii)(C)), and an opportunity to enter into a repayment agreement (34 C.F.R. § 682.410(b)(5)(ii)(D). 34 C.F.R. § 682.410(b)(5)(ii)(A) dictates that the guaranty agency send the requisite notice to the borrower within 45 days after paying a lender's default claim.

Although at first glance, the central issue appears to be whether or not either Debtors' student loans were in default such that collection costs are warranted, the true nub of these motions revolves around the basic claim allowance process which implicates Federal Rule of Bankruptcy Procedure 3001(f) and 11 U.S.C. § 502(a). "A proof of claim executed and filed in accordance with [the Federal Rule of Bankruptcy Procedure] shall constitute *prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). Bankruptcy Code § 502(a) provides that "a claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). The import of

these two sections is that ECMC's claims are given the full weight of authenticity unless and until an objection is filed by a party in interest and the validity of the claims properly challenged. The resulting burden of proof quandary was succinctly discussed by the Third Circuit Court of Appeals in *In re Allegheny Intern, Inc.* 954 F. 2d 167 (3rd Cir. 1992).

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times. Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is "*prima facie*" valid. *In re Holm*, 931 F.2d 620,623 (9th Cir. 1991) (quoting 3 L. King, *Collier on Bankruptcy* § 502.02, at 502-22 (15th ed. 1991)). In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimants' initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim. It is often said that the objector must produce evidence equal in force to the *prima facie* case. *Id.; see In re Windsor Communications Group, Inc.* 45 B.R. 770, 773 (Bankr. E.D.Pa. 1985). In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. *See In re WHET, Inc.* 33 B.R. 424, 437 (Bankr. D. Mass. 1983).

*In re Allegheny Intern., Inc.*, 954 F.2d at 173.

In both cases, ECMC filed a timely proof of claim and attached an itemization of the principal, interest and collection costs owed in connection with the student loan obligations. ECMC's proofs of claim are *prima facie* evidence of the validity and the amount of its claims (Fed. R. Bankr. P. 3001(f)), however, in response to the motions, ECMC filed client affidavits attesting to the methodology utilized in computing the collection costs and the dates the default notices were mailed to the Debtors. In both instances, ECMC has alleged facts sufficient to support the *prima facie* effect given to the claims. As stated in *Allegheny Intern, supra*, the burden now shifts to the Debtors to produce evidence sufficient to negate the *prima facie* validity of the claims. Neither Debtor has met this burden.

In support of their motions, the Debtors filed their initial objections and Lehning presented three supplemental affirmations of his attorney, while Gray filed two supplemental affirmations of her attorney. Neither Debtor submitted an affidavit in support of their position. The Debtors have not provided any evidence which, if believed, would refute at least one of the allegations essential to the claims. *In re Reilly*, 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000). Instead, each Debtor's objection is based on vague allegations of unreasonableness and/or unsubstantiated amounts. These mere general averments are insufficient to puncture the *prima facie* presumption of validity of ECMC's claims. Under the theory that the best defense is a good offense, each Debtor challenges the default collection costs without even denying that their loans were in default at the time of filing. By way of attorney affirmations, the Debtors simply state that, "ECMC has failed to provide any evidence that debtor's loan was in default at the time of the bankruptcy filing." (Lehning Third Suppl. Affirm. ¶5 (Case No. 05-16245, Doc. 30); Gray Second Suppl. Affirm. ¶5 (Case No. 05-19491, Doc. 20).) The Debtors misconstrue the heart of these motions. At this juncture, ECMC does not have to prove anything; its claims speak for themselves. The Debtors task was to negate at least one of the legal underpinnings of ECMC's claims with competent evidence. This was not done. As a result, the burden never shifted to ECMC. ECMC's claims are thus allowed in both cases.[5]    Based on the foregoing, the claims objections are overruled.

---

[5] The Debtors raise compelling questions about the student loan claims process and the default collection fee issue. If the Debtors had been able to produce evidence shifting the burden back to ECMC to establish its claims, we would be faced with interesting issues as to what would constitute sufficient proof to establish that ECMC had complied with the prerequisites to assessing collection costs set forth in 34 C.F.R. § 682.410(b)(5)(ii). However, because the burden never shifted back to ECMC, those questions must await another case on another day.

It is so ORDERED.

Dated:    4/20/07                                          /s/ Robert E. Littlefield, Jr.

                                                                Hon. Robert E. Littlefield, Jr.
                                                                U.S. Bankruptcy Judge